NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REUBEN JAMES THOMPSON, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ERIC FANNING,[*] Secretary of the Army, <br><br> Defendant-Appellee. | No. 14-17160 <br><br> D.C. No. 2:13-cv-01342-NVW <br><br> MEMORANDUM[**] |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted December 14, 2016[***]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Reuben James Thompson appeals pro se from the district court's judgment

in his employment action alleging constitutional claims and discrimination in

---

[*]     Eric Fanning is substituted for his predecessor, John M. McHugh, as Secretary of the Army under Fed. R. App. P. 43(c)(2).

[**]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

violation of Title VII. We have jurisdiction under 28 U.S.C. § 1291. We review

de novo. *Arrington v. Wong*, 237 F.3d 1066, 1069 (9th Cir. 2001) (dismissals

under Fed. R. Civ. P. 12(b)(1)); *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006)

(summary judgment). We affirm.

The district court properly dismissed Thompson's constitutional claims

because Title VII "provides the exclusive judicial remedy for claims of

discrimination in federal employment." *See Brown v. General Servs. Admin.*,

425 U.S. 820, 835 (1976).

The district court properly granted summary judgment on Thompson's Title

VII race discrimination claim because Thompson failed to establish a prima facie

case of race discrimination and, even assuming that Thompson had established a

prima facie case, Thompson failed to raise a genuine dispute of material fact as to

whether defendant's legitimate, nondiscriminatory reasons for terminating his

employment were pretextual. *See Moran*, 447 F.3d at 753-58 (affirming summary

judgment on Title VII claim because plaintiffs failed to establish a prima facie case

and, alternatively, failed to raise a genuine dispute of material fact as to pretext).

The district court did not abuse its discretion by denying Thompson's

motion for reconsideration because Thompson failed to demonstrate any basis for

relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief from judgment under Rules 59(e) and 60(b)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as unsupported by the record Thompson's contention that the district court improperly held private meetings with defendant.

We treat Thompson's request that case law be established, set forth in his reply brief, as a request for publication of the memorandum disposition, and deny his request.

**AFFIRMED.**

14-17160